UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LIONEL DAVID FOWLER, | ) |
|                               *Plaintiff*, | ) |
| vs. | ) No. 1:19-cv-3404-JMS-MJD |
| METHODIST HOSPITAL, and<br>INDIANA UNIVERSITY HEALTH, | ) |
|                              *Defendants*. | ) |

## **ORDER**

On September 12, 2019, the Court granted Plaintiff Lionel David Fowler's Motion for Leave to Proceed *In Forma Pauperis*, dismissed his Complaint without prejudice, denied his Motion for Summary Judgment as premature, and granted him leave to file an amended complaint. [Filing No. 9.] Mr. Fowler has now filed a document titled "Motion Rule 8," [Filing No. 10], and, because it appears that he is attempting to set forth allegations against Defendants in the Motion, the Court will construe the Motion as an amended Complaint.[1] Mr. Fowler has also filed a Motion for Summary Judgment, [Filing No. 11], and documentary evidence, [Filing No. 12]. This Order screens the construed Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2), dismisses it with prejudice, and denies the remaining motion as moot.

### I.
#### SCREENING STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss a case brought by a plaintiff proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks

---

[1] In addition, the fact that Mr. Fowler filed his "Motion Rule 8" within a day of the deadline for filing an amended complaint indicates that he may have intended it to be an amended complaint.

1

monetary relief against a defendant who is immune from such relief." In determining whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal:

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II.
### DISCUSSION

Mr. Fowler's Construed Amended Complaint contains several sections, the first titled "Motion Failure of Consideration." [Filing No. 10 at 2.] This section discusses what constitutes a failure of consideration and contains quoted material from various court cases and legal treatises. [Filing No. 10 at 3-5.] Although not entirely clear, it appears that in the next section, "Motion Rebuttal," Mr. Fowler alleges that he received an erroneous medical bill. [Filing No. 10 at 6.] In the final section, "Motion Sequester," Mr. Fowler states that he spoke with an attorney about his case. [Filing No. 10 at 7.] Construing the allegations very liberally, it appears that Mr. Fowler intended to state that his Complaint was erroneously dismissed. [Filing No. 10 at 7.]

The Construed Amended Complaint suffers from the same defects as his initial Complaint: it is too confusing and unintelligible to provide basic notice of the nature of his claims or assure the Court that it has jurisdiction over this matter. [Filing No. 9 at 3]; *Stanard v. Nygren*, 658 F.3d 792, 797-98 (7th Cir. 2011) (stating that "unintelligibility is certainly a legitimate reason for" rejecting a complaint); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006) (noting that the where a complaint is confusing, a district court is "within its rights in

dismissing it on that ground"). As the Court previously noted, while it appears that Mr. Fowler alleges some sort of grievance concerning a bill he received from Methodist Hospital or Indiana University Health, he is required to allege his claims with more clarity and specificity than that. [Filing No. 9 at 3 (citing *Swanson v. Citibank,* N.A., 614 F.3d 400, 403 (7th Cir. 2010) ("[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that might be redressed by the law." (emphasis is original)).] Furthermore, because Mr. Fowler has already been given a chance to amend his Complaint and failed to properly do so, the dismissal will be **with prejudice**. *See Loubser*, 440 F.3d at 443 (stating that dismissal with prejudice is proper where "the plaintiff had demonstrated [his] inability to file a lucid complaint").

### III.
#### CONCLUSION

Based on the foregoing, Mr. Fowler's Construed Amended Complaint, [10], is **DISMISSED WITH PREJUDICE**. His Motion for Summary Judgment, [11], is **DENIED AS MOOT**. Final judgment shall issue accordingly.

Date: 10/23/2019

*[signature]*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via U.S. Mail to:**

Lionel David Fowler
2350 Grace Street
Benton Harbor, MI 49022